Filed 8/26/25  P. v. Salinas CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B340589 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA109609) |
| v. | |
| EFRAIN SALINAS, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Jennifer Peabody and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

_____

In 2016 a jury convicted Efrain Salinas, Jr., of assault with a deadly weapon, and the trial court sentenced him to 14 years in

state prison, including (among other enhancements) a one-year prior prison term enhancement pursuant to Penal Code section 667.5, former subdivision (b).[1]  In 2023 the superior court recalled Salinas's sentence under section 1172.75, dismissed the prior prison term enhancement, and resentenced him to the same sentence less one year, resulting in a 13-year sentence.

On appeal, Salinas contends the superior court erred in reimposing the upper term for assault with a deadly weapon because there was no finding by a jury beyond a reasonable doubt of aggravating circumstances, or stipulation by Salinas, as required under section 1170, subdivision (b)(2) (section 1170(b)(2)).  We agree with the majority of the Courts of Appeal, which have held section 1172.75, subdivision (d)(4) (section 1172.75(d)(4)), creates an exception to the heightened factfinding requirements for upper-term sentences in a section 1172.75 resentencing proceeding where the trial court originally sentenced the defendant to the upper term (at least as to post-2007 sentences).  (See *People v. Mathis* (2025) 111 Cal.App.5th 359 (*Mathis*); *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*); contra, *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*).)[2]  We affirm.

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     The Supreme Court has granted review in *People v. Eaton* (Mar. 14, 2025, C096853) (nonpub. opn.), review granted May 14, 2025, S289903, to decide whether section 1172.75(d)(4) creates an exception to section 1172.75(b)(2)'s heightened factfinding requirement.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Conviction of Assault with a Deadly Weapon and Sentencing*

We described the factual background in Salinas's direct appeal. (See *People v. Salinas* (April 11, 2018, B272298) [nonpub. opn.].) On the night of February 18, 2015 Salinas and his wife, Maria Pizarro, were driving home in separate cars. Pizarro was eight months pregnant. On their way home Salinas and Pizarro were on their cell phones, arguing about Salinas's drug use and the fact he was high. Pizarro did not want to be home when Salinas arrived because they had a history of domestic violence, and she feared for her safety and that of the unborn baby. After Pizarro made a series of turns to evade Salinas, Salinas followed her with his headlights off and hit her car with his car. Her airbags deployed, and she called 911. While she was on the phone with the emergency services operator, Salinas approached Pizarro's car on foot and tried to open the passenger side door. The door was jammed, and Salinas could not open it. Salinas then drove away.

The jury convicted Salinas of one count of assault with a deadly weapon, a car, (§ 245, subd. (a)(1)) and found true the allegation that Salinas suffered three prior felony convictions for which he served separate prison terms under former section 667.5, subdivision (b), including armed robbery (§ 211) in 1998, possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in 2010, and evading a peace officer in willful or wanton disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)) in 2011. The prior robbery conviction was alleged as a strike under the three strikes law (§§ 667,

subds. (b)-(i), 1170.12) and a serious felony under section 667, subdivision (a).

Salinas moved to strike the prior robbery conviction based on its age (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504, 529-530); the trial court denied the motion. The court sentenced Salinas to the upper term of four years, doubled as a second strike to eight years, plus a five-year enhancement for the prior serious felony enhancement and one year for a prior prison term, for an aggregate sentence of 14 years in state prison. In imposing the upper term for the assault, the court found aggravating circumstances, including a high probability of death or great bodily injury to Pizarro or the unborn baby, the fact the air bags deployed and the bumpers fell off each car as result of the impact, Salinas's prior prison commitments, and the fact Salinas was on parole at the time of the offense. The court found no mitigating circumstances.

On appeal, we modified Salinas's sentence to correct a clerical error regarding his presentence conduct credits, but we otherwise affirmed. (*People v. Salinas, supra*, B272298.)

B.     *Salinas's Resentencing Under Section 1172.75*

On June 7, 2023 Salinas, representing himself, filed a petition for writ of habeas corpus seeking a full resentencing based on Senate Bill No. 483 (2021-2022 Reg. Sess.), which retroactively invalidated one-year prison priors under former section 667.5, subdivision (b). The superior court denied the petition but deemed it a petition for resentencing under section 1172.75, subdivision (a). The court found that the California Department of Corrections and Rehabilitation had identified Salinas as eligible for resentencing, appointed counsel for Salinas, and set the matter for a possible resentencing

4

hearing. The prosecutor filed a written opposition, and Salinas's attorney filed a reply and supplemental reply. In his briefs, Salinas asserted he had participated in prison programming to address substance abuse, anger management, and mental health issues. He argued that in addition to striking the one-year prior prison term enhancement, the court had discretion under section 1385 to strike his five-year enhancement under section 667, subdivision (a)(1). Salinas also urged the court to resentence him to the middle term of three years for the assault with a deadly weapon, stating, "Although section 1172.75(d)(4) does not prohibit this Court from re-imposing the upper term, as it was imposed at Petitioner's original sentencing, it retains discretion to impose the mid-term."[3]

At the July 24, 2024 resentencing hearing, Salinas submitted on his papers. The prosecutor argued Salina's postconviction prison record showed he had repeatedly engaged in violent conduct. The superior court described the facts at trial as "horrendous," noted Salinas's continuing rule violations in prison, and recounted the sentencing court's findings of aggravating circumstances. The court explained, "I would note that not only does this court not need to readdress [the] high term [factors] in doing a resentencing based on the fact that [Salinas] was originally sentenced to [the] high term, but in this case I would note that at the time of sentencing, that [the trial court] was very specific regarding the terms in aggravation here."

---

[3]     Although Salinas's position on appeal is inconsistent with his position in the trial court that the court was permitted to reimpose the upper term, the People do not argue that Salinas forfeited the issue, and we resolve the legal question on the merits.

The court found after considering the postconviction factors and changes in the law that it was not in the interest of justice "to strike anything further other than the [section 667.5] enhancement." The court struck the one-year prior prison term enhancement and resentenced Salinas to 13 years in state prison.

Salinas timely appealed.

## DISCUSSION

A.    *Section 1172.75 and Standard of Review*

"'Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) . . . amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid.'" (*People v. Garcia* (2024) 101 Cal.App.5th 848, 854 (*Garcia*); accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.)

The Legislature later enacted Senate Bill No. 483 (2021-2022 Reg. Sess.), effective January 1, 2022, to make the changes implemented by Senate Bill No. 136 retroactive by adding former section 1171.1 (now section 1172.75). (See Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"]; *Garcia, supra*, 101 Cal.App.5th at pp. 854-855.)

6

Section 1172.75, subdivision (a), provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." The Department of Corrections and Rehabilitation is required to identify for the sentencing courts all persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (b).) Further, if a sentencing court verifies a defendant was sentenced under an invalid enhancement, the court "shall recall the sentence and resentence the defendant." (*Id*., subd. (c).)

"'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements.'" (*Garcia, supra*, 101 Cal.App.5th at p. 855; accord, *People v. Grajeda* (2025) 111 Cal.App.5th 829, 836.) Section 1172.75, subdivision (d)(1), states the resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and further, resentencing "shall not result in a longer sentence than the one originally imposed."

This case involves the impact on resentencing of two subdivisions of section 1172.75. Subdivision (d)(2) generally provides that the sentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) But subdivision (d)(4)

7

provides as to upper term sentences that "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."[4]

We review a trial court's sentencing determinations in a section 1172.75 resentencing proceeding for an abuse of discretion. (*Mathis, supra*, 111 Cal.App.5th at p. 366; see *Garcia, supra*, 101 Cal.App.5th at pp. 855-856 [reviewing determination under § 1172.75, subd. (d), that a sentence reduction would endanger public safety for abuse of discretion].) However, where the appeal from a resentencing order "raises a question of law, our review is de novo." (*Mathis*, at p. 366; see *People v. Espino* (2024) 104 Cal.App.5th 188, 194 [de novo review whether the term "imposed" as used in § 1172.75 applies to cases where execution of a prior prison term enhancement was stayed]; accord, *Cox v. City of Oakland* (2025) 17 Cal.5th 362, 373 [""""The

---

[4]  Section 1172.75, subdivision (d)(3), provides further that "[t]he court may consider postconviction factors, including but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." Section 1172.75, subdivision (d)(5), requires the sentencing court to appoint counsel for the defendant.

8

interpretation of a statute presents a question of law that the court reviews de novo.""""].)

B. *The Superior Court Did Not Err in Resentencing Salinas to the Upper Term Without Meeting the Heightened Factfinding Requirements for Proof of Aggravating Circumstances*

Salinas contends the superior court erred in reimposing the upper term of four years for assault with a deadly weapon without proof beyond a reasonable doubt of aggravating circumstances, in contravention of the amendments to section 1170(b)(2). We agree with the Attorney General that the plain language of section 1172.75(d)(4) creates an exception to the heightened factfinding requirements where the defendant was previously sentenced to the upper term. That exception applies here.

As amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), effective January 1, 2022, section 1170(b)(2) provides, as relevant here, that "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Further, amended section 1170, subdivision (b)(3), provides as an exception to subdivision (b)(2) that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (See *People v. Jones* (2022) 79 Cal.App.5th 37, 44, citing § 1170, subd. (b)(1)-(3).)

"'"'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose." [Citation.] "We first consider the words of the statutes, as statutory language is generally the most reliable indicator of legislation's intended purpose."'" (*Cox v. City of Oakland, supra*, 17 Cal.5th at p. 373; accord, *People v. Curiel* (2023) 15 Cal.5th 433, 461.) "'"'[W]e look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] That is, we construe the words in question "'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" [Citation.] We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole."'"'" (*Curiel*, at p. 461; accord, *People v. Nino* (2025) 111 Cal.App.5th 844, 854.) "'"'If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction."'" (*People v. Cody* (2023) 92 Cal.App.5th 87, 101, quoting *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838.)

Section 1172.75(d)(4) is clear and unambiguous. As discussed, the provision states, "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation . . ., and those facts have been stipulated to . . . or have been found true beyond a reasonable doubt . . . ." (Italics added.) The only logical and grammatical reading of this

provision is that the initial dependent clause starting with the word "[u]nless" creates an exception for sentences in which the upper term was originally imposed from the heightened factfinding requirements delineated in the independent clause ("[T]he court may not impose a sentence exceeding the middle term . . . ."). Moreover, had the Legislature intended to have the section 1170(b)(2) requirements apply to all resentencing hearings under section 1172.75, subdivision (d)(2), doing so would render surplusage the language in section 1172.75(d)(4) requiring heightened factfinding only for new upper term sentences. As the *Brannon-Thompson* court reasoned, "We also 'generally must "accord[ ] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose," and [the Supreme Court] ha[s] warned that "[a] construction making some words surplusage is to be avoided."'" (*Brannon-Thompson, supra*, 104 Cal.App.5th at p. 466, citing *People v. Valencia* (2017) 3 Cal.5th 347, 357.)

The Third Appellate District in *Brannon-Thompson, supra*, 104 Cal.App.5th at pages 466 to 467 concluded, "Giving this language [in section 1172.75(d)(4)] its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing. [Section 1172.75(d)(4)] is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (See *Mathis, supra*, 111 Cal.App.5th at p. 374 ["[S]ection 1172.75 is not ambiguous because more specific legislative enactments control over general ones. [Citation.] And here, section 1172.75, subdivision (d)(2), addresses the general topic of changes in law,

11

whereas subdivision (d)(4) of that statute more specifically deals with the new factfinding requirement, making clear that it does *not* apply where 'the court originally imposed the upper term.'"].)

Division Five of the First Appellate District in *Mathis, supra*, 111 Cal.App.5th at page 374 also rejected the argument that there was any ambiguity in section 1172.75(d)(4), explaining, "To be sure, absent language to the contrary in section 1172.75, section 1170, subdivision (b)'s amended sentencing scheme would apply to Mathis's resentencing because we presume that the Legislature intends ameliorative changes in sentencing law to apply in all cases that are nonfinal, including cases which became nonfinal due to resentencing. [Citation.] But the Legislature is also free to 'write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all,' and it may 'disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated.' [Citations.] [Section 1172.75(d)(4)], does exactly that. It expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term."

The Sixth Appellate District in *Gonzalez, supra*, 107 Cal.App.5th at page 330 reached the opposite conclusion, reasoning that the interpretation adopted by the *Brannon-Thompson* court would violate the Sixth Amendment by allowing a court to impose an upper term sentence without a jury finding beyond a reasonable doubt on facts necessary to impose the upper term. The court acknowledged that section 1172.75(d)(4) "on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence," as *Brannon-*

12

*Thompson* concluded.  (*Gonzalez*, at pp. 328-329.)  But "another reasonable interpretation" was that section 1172.75(d)(4) "*restrict[ed] the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term," rather than creating any exception to the required jury factfinding on aggravating circumstances.  (*Gonzalez*, at p. 329.)  Under this interpretation, only a defendant originally sentenced to the upper term would be eligible for the upper term at resentencing, but even then, the defendant "could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact."  (*Ibid*.)  Thus, a court could not sentence a defendant to an upper term unless the court originally imposed the upper term *and* a jury or court finds circumstances in aggravation.

The *Gonzalez* court reasoned that its interpretation was necessary to avoid a Sixth Amendment violation (an issue the *Brannon-Thompson* court did not address), as outlined by the Supreme Court in *People v. Lynch* (2024) 16 Cal.5th 730.  (*Gonzalez, supra*, 107 Cal.App.5th at pp. 329-330.)  *Lynch* held with respect to the 2022 version of section 1170, subdivision (b), that "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established."  (*Lynch*, at p. 768; see *Gonzalez*, at p. 330.)

The Court of Appeal in *Mathis, supra*, 111 Cal.App.5th at pages 372 to 373 rejected *Gonzalez*'s reasoning, observing that, as the Supreme Court explained in *People v. Lynch, supra*, 16 Cal.5th at page 748, when the Legislature in 2007 amended section 1170, subdivision (b), the legislation granted "trial courts

13

'broad discretion' to choose between the lower, middle, and upper terms. [Citations.] That sentencing scheme, in effect when Mathis was originally sentenced, was one that "'everyone agrees'" raised no Sixth Amendment concerns." (*Mathis*, at p. 371, citing *Lynch*, at pp. 747-748.) Salinas was likewise initially sentenced in 2016, when the 2007 version of section 1170, subdivision (b), was in effect.[5]

Like the courts in *Brannon-Thompson* and *Mathis*, we conclude the plain language of section 1172.75(d)(4) is amenable to only one reasonable interpretation: The Legislature intended that a sentencing court, after striking prior prison term enhancements in a section 1172.75 proceeding, may reimpose an upper term sentence without new, heightened factfinding requirements. The superior court did not err in reimposing the upper term for assault with a deadly weapon at Salinas's resentencing.

---

[5] We do not reach whether the Sixth Amendment bars a court in a section 1172.75 resentencing from reimposing an upper term sentence without heightened factfinding in cases where the defendant was originally sentenced to the upper term before the effective date of the 2007 amendments to section 1170, subdivision (b).

14

## DISPOSITION

The July 24, 2024 order resentencing Salinas is affirmed.


FEUER, J.

We concur:


SEGAL, Acting P. J.


STONE, J.


15